UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | |
|---|---|
| FRANK RICCI, ET AL, <br> Plaintiffs, | : <br> : <br> :    Docket No.: 3:04CV01109 (JBA) |
| VS. | : <br> : |
| JOHN DESTEFANO, ET AL, <br> Defendants. | : <br> :    DECEMBER 1, 2009 |

## MEMORANDUM IN SUPPORT OF MICHAEL BRISCOE'S MOTION
## TO INTERVENE AS A PARTY PLAINTIFF

Michael Briscoe is an African American candidate for the position of New Haven fire lieutenant. He brought suit in October - before this case was remanded to this Court from the Second Circuit - alleging discrimination by the City. *See Briscoe v. City of New Haven*, No. 3:09cv1642 (CSH). He now moves to intervene in this case simply in order to forestall any argument by the City that the resolution of his underlying claim should be dictated by the choice to file a separate suit rather than moving to intervene here.

As the attached proposed Intervening Complaint shows, Mr. Briscoe alleges that the City's decision to weight the written portion of the 2003 lieutenant exam 60 percent and the structured oral portion of the exam 40 percent was not job related; that it was never even claimed to be job related by anyone - not by the City and not by the testing company that prepared the test; and that it had a disparate impact on African American candidates. The weighting, he alleges, will prevent him from being promoted despite his superior qualifications: of all 77 lieutenant candidates, he received the highest score on the oral exam and would be ranked high on the list if a reasonable or job related weighting system had been used; but he will not be high enough to be promoted on the list compiled with the City's weighting scheme.

1

Mr. Briscoe proceeded by way of a separate suit because he does not seek relief that is inconsistent with the relief that the plaintiffs in this case will receive: he seeks promotion to the rank of lieutenant, and vacant lieutenant positions will remain after promotion not only of all the eligible plaintiffs, but also of all the other persons whom the City apparently proposes to promote. Nevertheless, The City gives every indication that it will seek to use the proceedings on remand in this action to foreclose Mr. Briscoe's claims. For example, after seeking a stay of the *Briscoe* action until the conclusion of this case, the City then sought an order in this case that appeared intended in part to address the merits of the *Briscoe* action. *See* Document 156 (Nov. 13, 2009). Intervention in this action may, therefore, be prudent and is authorized either by Rule 24(a), *see Brennan v. NY. City Bd of Educ.*, 260 F.3d 123, 128-130 (2nd Cir. 2001), or, because Mr. Briscoes's discrimination claims arise out of one of the tests that is a subject of this action, by Rule 24(b),

Intervention is timely for several reasons:

*First*, as noted above, there will be no prejudice to the plaintiffs in this action because there is no conflict between the promotions that the plaintiffs are receiving and the promotional relief that the proposed intervenor seeks. The fire department has many more lieutenant vacancies than there are eligible *Ricci* plaintiffs, so that Mr. Briscoe is not competing with the plaintiffs for a scarce resource. Accordingly, Mr. Briscoe has not opposed promotions, much less monetary relief, for the *Ricci* plaintiffs.

*Second*, there will be no prejudice to the City. The City has no legitimate interest in barring the promotion of a victim of its discrimination. Moreover, it was the City who kept the intervening plaintiff in the dark about the existence of his claim. The City sought and obtained

2

protective orders preventing all nonparties in this action, including Mr. Briscoe, from obtaining access to the names or scores of the passing candidates from the 2003 examinations (See Doc. # 14, 15, 24, 25, 57 and 66). Until Mr. Briscoe recently learned his score, therefore, he had no way to know that he had been harmed by the City's weighting scheme - or even that he was not one of the African American firefighters who would be promoted from the list that the plaintiffs in this action wanted the City to certify.[1]

Under these circumstances, Mr. Briscoe was in no position even to determine what legal claim he could bring because he did not know what the City had done that had injured him: he did not know whether he was injured by the test or, exactly the opposite, by the City's failure to act on the basis of the test's results. He brought his claim as soon as he learned of the City's adverse action against him. Accordingly, his claim is timely. *See Ledbetter v. Goodyear Tire & Rubber Co.*, 550 U.S. 618, 628 (2007)(limitations period triggered by employee's knowledge that adverse action had occurred); *Delaware State College v. Ricks*, 449 U.S. 250, 261 (1980) (same); *Flaherty v. Metromail Corp.*, 235 F.3d 133, 137 (2d Cir. 2000) (same).

*Third*, the motion to intervene is not untimely on the ground that the Supreme Court decision in this case precludes Mr. Briscoe's claim. The Supreme Court resolved a different issue. To be sure, the plaintiffs are obtaining relief because they scored well on the promotional

---

[1] Results identified as Mr. Briscoe's - including his score, score on the test components, and rank on the putative promotional list - were included in the unsealed portion of the *Ricci* plaintiffs' appendix to their petition for certiorari. (The same information was included for all candidates who passed either exam.) The information was only available to the plaintiff in the clerk's office at the Supreme Court, and he had no reason to suspect it was there. (Even the City was apparently unaware until recently that the candidates' names and scores had been included in the unsealed portion of the appendix.) He learned of his score, component scores, and rank only after the Supreme Court decision.

3

exams, and Mr. Briscoe is challenging one of those exams. But any seeming inconsistency that might arise if Mr. Briscoe prevails is no more than the product of the City's failure to mount a defense showing that its tests were not job related and lawful. The Supreme Court held that the City produced no evidence that the tests were not valid and lawful. The Court did not say – because the question was not before it – that no such evidence exists.

Thus, the Court was quite clear that it based its judgment on the weakness of the evidence that the City used as a justification for failing to certify the test results. On the issue of weighting, for example, the Court based its decision on the fact that "respondents have *produced no evidence* to show that the 60/40 weighting was indeed arbitrary." *Ricci v. DeStefano*, 129 S. Ct. 2658, 2679 (2009) (emphasis added). The Court rejected a change to a 30/70 weighting for the same reason: "*nor does the record contain any evidence* that the 30/70 weighting would be an equally valid way [to choose candidates]." *Id.* (emphasis added). Likewise, the Court concluded that the testimony critical of the test that the City had produced was nothing more than "stray (and contradictory) statements," *id.* at 2680; and it dismissed the statements of a testing expert before the Civil Service Commission on the basis that the expert had not studied the test at length or in detail and was a direct competitor of IOS, the company that produced the test. *Id.* Finally the Supreme Court's focus on the evidence before the Civil Service Commission was apparently occasioned by the City's failure to produce any additional relevant evidence, including expert evidence, before this Court. *See e.g., id* at 2678 (trial court record "concentrates in substantial part on the statements various witnesses made to the CSB").

The City cannot use its litigation failure (albeit under a different standard from the one the City anticipated and the Second Circuit had previously adopted) to immunize itself from

liability for its selection and administration of an unlawful test. Moreover, Mr. Briscoe's principal challenge is to the weighting scheme that *the City itself* adopted and then imposed on the testing company that it hired. It would be particularly inappropriate to allow the City to by its inaction to immunize itself from liability for its own unlawful conduct.[2]

## CONCLUSION

For these reasons, Michael Briscoe should be permitted to intervene in this case as a party plaintiff.

---

[2]The Court's dictum about the effect of its holding does not make Mr. Briscoe's request untimely. *See* 129 S. Ct. 2658, 2681 ("If, after it certifies the test results, the City faces a disparate-impact suit, then in light of our holding today it should be clear that the City would avoid disparate-impact liability based on the strong basis in evidence that, had it not certified the results, it would have been subject to disparate-treatment liability.") The dictum was directed to the merits of a potential claim, not to the question of intervention. A motion to intervene is not the proper occasion for an assessment of the merits. *See Brennan v. NY. City Bd of Educ.*, 260 F.3d 123, 128-130 (2nd Cir. 2001).

Moreover, the Court was concerned with the City's failure to certify the test after it was administered. Mr. Briscoe's claim is aimed at different conduct: the City's decision to give an unlawful test in the first place. The Supreme Court explained that the choice of a test and the decision whether to certify results are quite different decisions, governed by sharply different standards. *See, e.g., Ricci, supra,* at 2677.

> Nor do we question an employer's affirmative efforts to ensure that all groups have a fair opportunity to apply for promotions and to participate in the process by which promotions will be made. But once that process has been established and employers have made clear their selection criteria, they may not then invalidate the test results, thus upsetting an employee's legitimate expectation not to be judged on the basis of race.

The "affirmative efforts to ensure that all groups have a fair opportunity to apply for promotions" is precisely what Congress required in the disparate impact provisions of the Civil Rights Act of 1991, 42 U.S.C. Section 2000e-2(k). It is only the City's *retrospective* decision not to certify the test results that the Court held to the demanding standard it announced in *Ricci*, because of the impact of an employer's retrospective decisions on employees' legitimate expectations.

5

THE PROPOSED INTERVENING PLAINTIFF
MICHAEL BRISCOE

By _____
David N. Rosen
400 Orange Street
New Haven, Connecticut 06511
(203) 787-3513
CT00196
Email: drosen@davidrosenlaw.com
His Attorney

## CERTIFICATE OF SERVICE

I hereby certify that on December 1, 2009, a copy of the foregoing Memorandum was filed electronically and served by mail on anyone unable to accept electronic filing. Notice of this filing will be sent by e-mail to all parties by operation of the Court's electronic filing system or by mail as indicated on the Notice of Electronic Filing. Parties may access this filing through the Court's CM/ECF System.

_____
David N. Rosen