**UNITED STATES DISTRICT COURT**
**DISTRICT OF CONNECTICUT**

MICHAEL BRISCOE,

Plaintiff,

v.

CITY OF NEW HAVEN,

Defendant.

3:09-cv-1642 (CSH)

**RULING ON MOTION TO STAY AND MOTION FOR IMMEDIATE DISCOVERY**

HAIGHT, Senior District Judge:

In a complaint filed on October 15, 2009 against Defendant City of New Haven ("City"), and amended on November 2, 2009, Plaintiff Michael Briscoe, an African-American firefighter in New Haven, charges that the City violated Title VII of the Civil Rights Act of 1964, *as amended*, 42 U.S.C. §§ 2000e *et seq.*, in weighting the written portion of the 2003 fire department promotional examinations as 60% of the total score, while the oral portion of the exam accounted for the other 40% of the score. Plaintiff scored highest of the seventy-seven lieutenant candidates on the oral portion, yet scored only twenty-fourth overall, on account of his lower score on the written portion. (Am. Compl. ¶ 16)

Plaintiff claims that the 60/40 written/oral weighting has a disparate impact on minority applicants, is not job related and justified by business necessity, and is likely to have an adverse impact greater than is required by business necessity. That is, Plaintiff claims that a different type of exam or a different weighting of the portions of the exam (Am. Compl. ¶ 18) would be equally good or better at identifying the best-qualified candidates for promotion, and would have less disparate impact on racial minorities. The thirteen top-scoring candidates for promotion

using the 60/40 written/oral weighting system were white, whereas using a 30/70 written/oral weighting, three of the top twelve scorers would have been African-American.  (Am. Compl. ¶¶ 15 & 17)  Plaintiff seeks promotion to the rank of lieutenant, monetary damages, and an injunction prohibiting the City from continuing to use the 60/40 weighting system for the examination.

Now pending are Plaintiff's Motion to Compel Limited Discovery [Doc. 8] and Defendant's Motion to Stay [Doc. 12], both filed on November 2, 2009.  The Court heard oral argument on the motions on December 3, 2009, whereafter the parties filed updates [Docs. 25, 26 & 27] to the motions in light of the ongoing proceedings in the related case of *Ricci v. DeStefano*, 3:04cv1109 (JBA).

Plaintiff seeks immediate discovery of the 2003 examinations for the positions of lieutenant and captain, as well as answer keys to the exams, and any documents relating to Plaintiff's performance on the exam, including his answer sheets and oral examiner scoring forms. [Doc. 25 at 2]  Plaintiff consents to entering into a protective order as a condition of receiving these documents. [Doc. 25 at 1]  Plaintiff also seeks to proceed with further discovery in a timely manner, including conducting depositions and obtaining from the City and the testing company it retained other documents relating to development and validity of the exam. [Doc. 25 at 2-3]

Conversely, Defendant seeks a stay of all proceedings in this matter "until resolution of the *Ricci* case," arguing that "at a minimum, the defendant should not be compelled to produce confidential documents and attend numerous depositions, including those of three out-of-state witnesses, in a case that may not need to proceed following the resolution of *Ricci* or may not

survive a Motion to Dismiss." [Doc. 26 at 2] Defendant has indicated its intent to file a motion to dismiss this case pursuant to Federal Rule of Civil Procedure 12(b)(6), but no such motion has been filed to date.

"In deciding whether to stay proceedings, courts in the Second Circuit examine the following five factors: (1) the private interests of the plaintiffs in proceeding expeditiously with the civil litigation as balanced against the prejudice to the plaintiffs if delayed; (2) the private interests of and burden on the defendants; (3) the interests of the courts; (4) the interests of persons not parties to the civil litigation; and (5) the public interest." *Catskill Mts. Chapter of Trout Unlimited, Inc. v. United States EPA*, 630 F. Supp. 2d 295, 304 (S.D.N.Y. 2009) (quoting *Volmar Distrib. v. N.Y. Post Co.*, 152 F.R.D. 36, 39 (S.D.N.Y. 1993)). "[T]he power to stay proceedings is incidental to the power inherent in every court to control the disposition of the causes on its docket with economy of time and effort for itself, for counsel, and for litigants." *Landis v. N. Am. Co.*, 299 U.S. 248, 254, 57 S. Ct. 163, 81 L. Ed. 153 (1936). "[T]he decision whether to issue a stay is 'firmly within a district court's discretion.'" *LaSala v. Needham & Co., Inc.*, 399 F. Supp. 2d 421, 427 (S.D.N.Y. 2005) (quoting *Am. Shipping Line v. Massan Shipping*, 885 F. Supp. 499, 502 (S.D.N.Y. 1995)).

Given that Defendant seeks a stay of this case until resolution of *Ricci*, some background regarding the progression of the *Ricci* matter since its remand to the District Court (Arterton, J.) on October 27, 2009 is in order. On November 24, 2009, the Honorable Janet Bond Arterton, acting pursuant to the ruling by the United States Supreme Court,[1] ordered the New Haven Civil Service Board to certify the results of the 2003 promotional examinations, and ordered the

[1] *Ricci v. DeStefano*, 129 S. Ct. 2658 (2009).

promotions of fourteen *Ricci* plaintiffs. On December 2, 2009, Judge Arterton denied a motion to stay those promotions, and they have since taken place. The motion to stay the promotions was filed by eight putative intervenors in *Ricci*. On December 1, 2009, Briscoe also filed a motion to intervene in the *Ricci* case, but he did not join in the aforementioned motion to stay, as he contends that promotion of the *Ricci* plaintiffs is not inconsistent with the relief he seeks.

The motions to intervene in *Ricci* by Briscoe and the other eight putative intervenors are scheduled for oral argument before Judge Arterton on January 20, 2010. Should Briscoe's intervention in *Ricci* be granted, a stay of proceedings in this case may very well be merited. However, if intervention is denied, then discovery in this case should proceed forthwith, given that Briscoe has indicated that he does not intend to appeal any denial of intervention. [Doc. 25 at 4] In light of the uncertainty regarding in which case Briscoe's claims will be heard, if at all, it is prudent to stay the bulk of discovery until Briscoe's motion to intervene in *Ricci* is decided.

However, the Court is not convinced that the relatively limited issues which remain to be resolved in *Ricci*, principally the damages due to the prevailing plaintiffs in *Ricci*, have sufficient bearing on Briscoe's disparate impact claim to justify an open-ended stay "until resolution of the *Ricci* case," as Defendant has requested. Knowing what damages the *Ricci* plaintiffs are awarded will not assist this Court in deciding the merits of Briscoe's claim.

Defendant's alternative request to stay discovery in this case until the Court's ruling on Defendant's motion to dismiss is denied as premature. Discovery is not normally stayed during the pendency of a motion to dismiss, absent a showing of good cause. Given that the motion to dismiss has yet to be filed, staying discovery in anticipation of it would require speculation by the Court as to the content and strength of the arguments the City might raise in such a motion. *See*

*Lithgow v. Christopher M. Edelmann, M.D., P.C.*, 247 F.R.D. 61, 63 (D. Conn. 2007) (denying motion to stay discovery where defendant had not yet filed its motion to dismiss, on the basis that "it is difficult for the court to assess the merits of the defendant's . . . claim" prior to the filing of the motion). A more limited stay of discovery until the ruling on Briscoe's motion to intervene in *Ricci* will suffice to address Defendant's legitimate concerns about avoiding simultaneous, duplicative litigation that could result in conflicting rulings. [*See* Doc. 12-2 at 8-10.]

Notwithstanding the general stay of discovery until the ruling on Briscoe's motion to intervene in *Ricci*, it is appropriate that Briscoe receive immediately certain limited discovery which he has identified, namely the exams, answer keys, and his own answer and evaluation forms.[2] The City concedes that promotional candidates are typically able to review their answers, answer keys, and oral evaluation forms, and offers to permit Briscoe "to review the documents at the City." [Doc. 25 at FN 1] In light of this litigation, that is unduly and unnecessarily restrictive access, and the Court orders the documents produced. The City states that it "is in the process of requesting" the documents from the testing company and has not yet received them. *Id*. The City should make every effort to work with the testing company to expedite the request. There is no discernible reason why this material cannot be furnished at once, and the Court expects that to be done.

The promotional exams are already part of the record in *Ricci*, but are sealed subject to a protective order. Given that Plaintiff has indicated his willingness to be bound by a similar

---

[2] Defendant contends that Plaintiff has failed to establish his entitlement to expedited discovery [Doc. 26 at 2-3], but as Plaintiff correctly notes, several months have elapsed since the filing of this action, so that discovery would have begun in the normal course and Plaintiff's request to commence discovery no longer constitutes a request to expedite it. [Doc 27 at 1]

protective order, and given that answers without questions are of limited value, the City is ordered to produce the exams forthwith as well. Counsel for the parties are directed to draft and agree to an appropriate protective order. If they cannot agree on the form, the Court will on application promulgate it.

Aside from the limited immediate discovery identified herein, the remainder of discovery is hereby stayed until a ruling on Briscoe's motion to intervene in *Ricci* is issued. Should Briscoe's intervention in *Ricci* be denied, the parties are ordered to conduct a Rule 26(f) conference within ten days thereafter to set a schedule for the remaining discovery and to propose other deadlines in this matter.[3] If still so advised, the City may file a motion to dismiss at any time.[4] Discovery will not automatically be stayed during the pendency of that motion. Nor is a stay of all proceedings "until resolution of the *Ricci* case" merited, unless Briscoe's motion to intervene in *Ricci* is granted. Therefore, Plaintiff's Motion for Discovery [Doc. 8] and Defendant's Motion to Stay [Doc. 12] are both **granted in part and denied in part**, as set forth in this Ruling.

It is SO ORDERED.

Dated: New Haven, Connecticut, December 23, 2009.

*/s/ Charles S. Haight, Jr.*
Charles S. Haight, Jr.
Senior United States District Judge

---

[3] The Rule 26(f) Report filed on November 23, 2009 [Doc. 17] indicates only that Defendant was unwilling to engage in discovery planning during the pendency of this motion to stay.

[4] Although the City sought and was granted an extension of time to file a responsive pleading to the amended complaint until thirty days after this Court's ruling on Defendant's motion to stay [Doc. 16], the City of course remains free to file the motion to dismiss earlier.