UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | |
|---|---|
| MICHAEL BRISCOE,<br><br>                Plaintiff,<br>v.<br><br>CITY OF NEW HAVEN,<br><br>                Defendant. | 3:09-cv-1642 (CSH) |

### RULING ON MOTION FOR RECONSIDERATION AND/OR CLARIFICATION

HAIGHT, Senior District Judge:

On December 23, 2009, the Court issued an order granting in part and denying in part both Plaintiff's motion for discovery and Defendant's motion to stay (the "Order") [Doc. 28]. That Order sets forth in detail the underlying facts, familiarity with which is presumed. Defendant was ordered to produce immediately to Plaintiff certain limited documents, but the bulk of discovery was stayed until Briscoe's pending motion to intervene in Ricci is decided. Defendant's motion to stay this case "until resolution of the Ricci case" was denied. Several hours after the Court issued that ruling, Sean Patton, who is one of the plaintiffs in Ricci, moved to intervene in this case. On December 29, 2009, Defendant moved for reconsideration and/or clarification of the Order "in light of the Motion to Intervene filed by Sean Patton and the fact that the City will be filing its Motion to Dismiss shortly." [Doc. 34 at 1] Defendant's Motion for Reconsideration and/or Clarification [Doc. 34] is granted, but, for the reasons stated herein, the Court adheres to its prior ruling.

I. Motion for Reconsideration/Clarification of the Order to Make Limited Immediate Discovery

       Notwithstanding that the Court stayed all other discovery, Defendant moves for

reconsideration of the Court's Order that the City make limited, immediate discovery of the promotional exams at issue, the answer keys, Plaintiff's answers, and any documents relating to Plaintiff's performance on the oral portion of the examination.  In the motion for reconsideration, Defendant contends that it should not be required to make even these limited disclosures at this time, "in light of the fact that the City will be filing a Motion to Dismiss by the January 22nd deadline." [Doc. 34-2 at 2]  The impending filing of a Motion to Dismiss is not a basis to reconsider the order that the City provide limited discovery to Plaintiff, because it was contemplated by the Court at the time of that Order, and indeed noted therein, that Defendant's responsive pleading to the amended complaint would be due no later than thirty days following the issuance of said Order. [See Doc. 28 at FN 4]  The Court decided that Plaintiff was entitled to receive certain limited documents immediately, notwithstanding that Defendant would be filing a motion to dismiss in the relatively near future.  The fact that Defendant intends to comply with the deadline is not the type of new information or change in circumstance that supports reconsideration.

     Defendant also seeks clarification of a number of aspects of the Court's ruling.  After noting that "Plaintiff seeks immediate discovery of the 2003 examinations for the positions of lieutenant and captain, as well as answer keys to the exams, and any documents relating to Plaintiff's performance on the exam, including his answer sheets and oral examiner scoring forms," [Doc. 28 at 2], the Court ordered Defendant to produce those items, "namely the exams, answer keys, and [Briscoe's] own answer and evaluation forms" [Doc. 28 at 5] to Plaintiff immediately.  Defendant now claims not to understand what the Court means by "evaluation forms." [Doc. 34-2 at 7]  In a letter to Plaintiff, Defendant had stated, "Typically, candidates are

able to review their answers, answer key and any documents relating to the oral examination, if any. We are in the process of requesting those documents from the testing company." [Doc. 25 at FN 1]  Thus, by "oral evaluation forms," the Court meant "any documents relating to the oral examination," to use Defendant's own language, to the extent that clarifies matters for Defendant.

Defendant also contends that it cannot now produce certain of the documents as ordered, stating:

> The answer keys for the examinations no longer exist.  The individual candidates' answer sheets also no longer exist. However, the company does electronically possess data which was derived from the answer sheets that it typically would have used to produce reports regarding how each candidate's score was derived and identifying areas where they excelled and those where they did not. The company is willing to produce said reports.

[Doc. 34-2 at 7]  Given the obligation to preserve relevant documents during litigation and the fact that the <u>Ricci</u> case involving these November 2003 exams has been pending since July 2004, it taxes credibility to believe that neither the City nor the testing company preserved the answer keys or the individual candidates' answer sheets.  To the extent that these documents can be located or re-created from electronic data, as Defendant suggests in the quote above, Defendant should do so forthwith.

Defendant also seeks clarification of what the Court meant by "immediately," and raises various objections about the difficulties of obtaining the documents in question. [Doc. 34-2 at 7-8]  The Court's Order had noted these purported difficulties, and directed the City to "make every effort to work with the testing company to expedite the request." [Doc. 28 at 5]  In ordering Defendant to make the disclosures "forthwith" or "immediately" rather than imposing a date certain, the Court sought to afford Defendant some latitude to produce the documents as soon as possible, with the assumption that if Defendant failed to do so within a reasonable time, Plaintiff

would make the appropriate Rule 37 motion. However, to the extent that "immediately" was insufficiently clear as a deadline, the Court hereby orders Defendant to make the requisite disclosures on or before **January 21, 2010**, or later if so agreed by Plaintiff.

Defendant further questions whether it must produce both the Lieutenant and Captain examinations, arguing, as it had previously, that Plaintiff is only entitled to the Lieutenant exam because that is the only exam he took. Defendant notes as the source of its confusion the fact that "this Court's ruling merely references 'examinations.'" [Doc. 34-2 at 5] To clarify, the Court's repeated use of the plural noun "examinations" was indeed intended to indicate that Defendant should produce to Plaintiff a copy of the Lieutenant exam and a copy of the Captain exam, and not that Defendant should provide multiple copies of the Lieutenant exam. One of the issues raised in Plaintiff's Complaint is whether the 60/40 weighting of the written and oral portions, respectively, has a disparate impact on racial minorities. Since that weighting was used in both tests, both tests appear relevant to the claim and Plaintiff should have access to them, given the generally broad scope of discovery, F. R. Civ. P. 26(b)(1), and the fact that both tests are already part of the record, albeit under seal, in Ricci.

Along those lines, "the City requests that this Court modify its ruling to limit access to the examination(s) to Mr. Briscoe and his counsel, and prohibit disclosure to anyone else, including, but not limited to, testing consultants or experts." [Doc. 34-2 at 6] This request for reconsideration is puzzling since the Order contains no ruling on this point, stating only that "Counsel for the parties are directed to draft and agree to an appropriate protective order. If they cannot agree on the form, the Court will on application promulgate it." [Doc. 28 at 6] Perhaps this discussion in the Motion for Reconsideration of the contents of the protective order is intended to constitute a

representation to the Court that the parties have conferred in good faith but have nonetheless failed to agree on the form of a protective order. If that is the case, both parties shall file their proposed form of the protective order with the Court on or before **January 21, 2010**, with the understanding that Plaintiff and his counsel shall maintain the documents produced to Plaintiff by the City in confidence and not share them with anyone else until such time as the Court promulgates the final version of the protective order. The Court reiterates its preference that the parties resolve matters such as this between themselves.

II.  Motion for Reconsideration of the Order on the Motion to Stay

Aside from the few items discussed above, the Court imposed a stay of all other discovery until the ruling on Briscoe's motion to intervene in Ricci is issued. However, the Court denied Defendant's motion to stay all proceedings in this case "until the Ricci case is resolved," in part because the issues remaining to be resolved in Ricci, primarily the damages due to the prevailing Plaintiffs, will not assist this Court in addressing Briscoe's claim, at least in this early phase of the litigation, when remedies are not yet at issue. Defendant now moves for reconsideration of the ruling on its motion to stay, in light of Ricci plaintiff Sean Patton's filing of a motion to intervene in this case.

Defendant maintains that the filing of Patton's motion to intervene bolsters Defendant's prior arguments for a stay. Specifically, Defendant contends that Patton's putative intervention exacerbates the City's concern over litigating the same issues in multiple forums, "pits the potential relief for Briscoe against that of Patton," and invites further claims. [Doc. 38 at 2-3] Defendant reports that "even though the twenty-four vacancies that would have occurred during the life of the eligible lists have now been filled," [Doc. 38 at 1-2] Patton continues to press his right to

5

a promotion in the Ricci case, and Defendant therefore urges the Court to stay the proceedings "until clarification is obtained about whether Mr. Patton is entitled to a promotion." [Doc. 38 at 3] Defendant further states that, "notwithstanding the stay, the City will agree to file its Motion to Dismiss." Id.

There is a certain equitable appeal to the argument that Patton's Motion to Intervene should be stayed until it becomes clear whether he will receive the relief he seeks in the Ricci matter, which presumably would render his asserted interest in this case moot. This is particularly true in light of the fact that the Court has stayed the bulk of discovery in this case until it becomes clear whether Briscoe will be granted intervention in Ricci.

However, since the vast majority of discovery is already stayed, and since briefing on the Motion to Dismiss will proceed even under the City's proposed stay, the only practical effect of the City's renewed motion to stay, as made in its motion for reconsideration, would be to stay Patton's Motion to Intervene, which is problematic in light of Patton's contention that he is entitled to intervene in this case as of right. Without expressing any opinion on the merits of the motion to intervene, which is not yet fully briefed, the Court notes that if Patton's motion to intervene were to be successful, he would be entitled to file a brief expressing his position on the motion to dismiss, which is presumably one of the purposes for which he has sought to intervene. Staying briefing on Patton's motion to intervene while moving forward with the motion to dismiss would effectively deny the motion to intervene by means of imposing a stay, rather than addressing its merits, and the Court declines to take that course.

III.  Conclusion

Defendant's Motion for Reconsideration and/or Clarification [Doc. 34] is granted, but, for

the reasons stated herein, the Court adheres to its prior ruling.  In light of Defendant's request for clarification of the term "immediate," Defendant is ordered to make the limited discovery disclosures specified in this and the prior Order on or before January 21, 2010, or later if so agreed by Plaintiff.  Furthermore, if the parties are unable to agree on a form of protective order, they shall file with the Court on or before January 21, 2010 their proposed forms of such an order, with the understanding that all documents produced to Plaintiff by Defendant will be maintained in confidence by Plaintiff until the Court promulgates a final version of said order.

It is SO ORDERED.

Dated: New Haven, Connecticut, January 12, 2010.

                                                                    /s/ *Charles S. Haight, Jr.*
                                                                    Charles S. Haight, Jr.
                                                                    Senior United States District Judge