UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | |
|---|---|
| MICHAEL BRISCOE,<br><br>            Plaintiff,<br>v.<br><br>CITY OF NEW HAVEN,<br><br>            Defendant. | 3:09-cv-1642 (CSH) |

**RULING ON CROSS-MOTIONS FOR PROTECTIVE ORDER**

HAIGHT, Senior District Judge:

Now pending are the parties' cross-motions with respect to the terms of a protective order concerning the 2003 Lieutenant and Captain examinations (the "Exams") that the City has been ordered to disclose to Plaintiff. The City requests that the Court enter an order barring the Plaintiff and his counsel from disclosing the Exams to anyone, including but not limited to any expert or consultant, until after the Court's ruling on Defendant's motion to dismiss, which is to be filed on January 29, 2010. Plaintiff believes that he should be permitted to share the Exams with experts immediately, provided that such experts agree to abide by a protective order and keep the contents of the Exams in confidence.

Defendant contends that it has a substantial interest in protecting the Exams from premature review by experts and consultants, particularly those from competing testing companies. Defendant further argues, "The Motion to Dismiss will not address the validity of the exams, nor would it be proper for the Plaintiff to include an expert's opinions as part of his objection thereto." [Doc. 46-2 at 3-4] Given that issue upon a motion to dismiss is the sufficiency of the pleadings, it is true that expert opinions would be irrelevant to that inquiry. In

support of permitting disclosure immediately, Plaintiff does not directly address the reasons that Defendant offers as providing good cause for the protective order it seeks. Instead, Plaintiff argues only that "Disclosure now will be helpful if the forthcoming motion to dismiss is denied and harmless if the motion to granted." [Doc. 45 at 1] It is equally true, however, that Plaintiff will suffer no prejudice from waiting until after the motion to dismiss is decided before obtaining expert review of the Exams. Assuming the motion to dismiss is denied, there will be ample time to obtain such review during discovery.

Plaintiff represents that, aside from the issue of when the Exams may be disclosed to experts, "The parties have no other disagreement about the terms of a protective order." [Doc. 45 at 1] In light of the Court's conclusion that disclosure of the Exams to experts and consultants can wait until after the Court's ruling on the motion to dismiss, the Court hereby GRANTS Defendant's Motion for a Protective Order [Doc. 46], and GRANTS Defendant's Request to Approve its Proposed Confidentiality Agreement, attached as Exhibit D. [See Doc. 46-6] The Court DENIES the relief requested in Plaintiff's Submission Regarding the Terms of a Protective Order. [Doc. 45]

It is SO ORDERED.

Dated: New Haven, Connecticut, January 25, 2010.

                                            /s/ *Charles S. Haight, Jr.*
                                            Charles S. Haight, Jr.
                                            Senior United States District Judge