UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

MICHAEL BRISCOE,
    Plaintiff,        :
                                                        :
VS.        :
                                                         : Civil Action No.: 3:09cv1642 (CSH)
CITY OF NEW HAVEN,        :
    Defendant.        : March 1, 2010

**MEMORANDUM OF LAW IN SUPPORT OF MOTION TO AMEND COMPLAINT**

       Rule 15(a) of the Federal Rules of Civil Procedure permits a party to amend its pleadings by leave of the court, and further directs that "[t]he court should freely give leave when justice so requires." Fed. R. Civ. P. 15(a). Moreover, "[i]n the absence of any apparent or declared reason -- such as undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, futility of amendment, etc. -- the leave sought should, as the rules require, be 'freely given.'" *Forman v. Davis*, 371 U.S. 178, 182 (1962); accord *McCarthy v. Dun & Bradstreet Corp.*, 482 F.3d 184, 200-02 (2d Cir. 2007). The requested amendment easily meets that test.

**I.    THE ALLEGATIONS RELATING TO VIOLATIONS OF STATE LAW**

       These allegations are based on information that the City has just disclosed. Over the City's repeated objections, the Court ordered the City to produce a very limited set of documents. One of those documents was a "candidate feedback summary" produced by the testing company, IOS. The report shows that the exam was improperly scored, and the error meant that use of the exam violated state law as well as Title VII. Exhibit 1 to the Motion to Amend contains the

redacted report. The exhibit shows that the report was not scored on a 100-point scale, as required by the New Haven charter and as claimed by the testing company. Instead, it was scored on a 60-point scale, with 40 points being added to the score of every candidate to make the scores look as if they were scored on a 100-point scale. For example, IOS's scoring method would identify a candidate who received the lowest possible score as having achieved 40% instead of zero percent; a candidate who got half the available points on each question as having achieved not 30/60 or 50% but 40% + 30%, or 70%, and so on.

It is of course nonsense to say that the first candidate scored 40% or that the second scored 70%. As the proposed allegations describe, it also violates the charter and civil service rules, as well as the requirement that the written and oral components be weighted 60/40.

Connecticut state law requires strict compliance with applicable charter and civil service requirements, including the scoring requirements of the New Haven charter and civil service rules. *See Kelly v. City of New Haven*, 275 Conn. 580 (2005).

And it is fundamental that this Court has supplemental jurisdiction over state law claims that arise, as these do, out of the same events and transactions giving rise to the federal causes of action. *See* 28 U.S.C. §1367.

## II.     ADDITIONAL FACTUAL ALLEGATIONS

The additional allegations include matters relating to the City's efforts to keep plaintiff from learning his test score and rank on the eligibility list, as well as allegations showing that the 60/40 weighting is a long-term feature of the City's selection system, not a one-time choice.

## III.    THE AMENDMENTS ARE NOT FUTILE

The only remaining issue is whether the amendments should be denied on grounds of

futility because, as the City urges, this case must be dismissed.  For the reasons shown in the Memorandum in Opposition to Defendant's Motion to Dismiss, filed herewith, plaintiff has stated actionable claims, and the amendments are, therefore, not futile.

## CONCLUSION

For these reasons, the motion to amend should be granted and the amendments allowed. If the Court grants this motion, plaintiff will integrate the new allegations into a Second Amended Complaint.

        THE PLAINTIFF


        By   /s/ David N. Rosen
        David N. Rosen
        400 Orange Street
        New Haven, Connecticut 06511
        (203) 787-3513
        CT00196
        Email: drosen@davidrosenlaw.com
        His Attorney

**CERTIFICATE OF SERVICE**

I hereby certify that on March 1, 2010, a copy of the foregoing Memorandum was filed electronically and served by mail on anyone unable to accept electronic filing. Notice of this filing will be sent by e-mail to all parties by operation of the Court's electronic filing system or by mail as indicated on the Notice of Electronic Filing. Parties may access this filing through the Court's CM/ECF System.

　　　　　　　　　　　　　　　　　　　　 /s/ David N. Rosen
　　　　　　　　　　　　　　　　　　　　David N. Rosen