UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| MICHAEL BRISCOE, | : | No. 3:09cv1642 (CSH) |
| Plaintiff, | : | |
| VS. | | |
| CITY OF NEW HAVEN, | : | |
| Defendant. | : | April 5, 2010 |

PROPOSED INTERVENOR SEAN PATTON'S REQUEST FOR RULING
ON MOTION TO INTERVENE PRIOR TO ANY DISCOVERY
ACTIVITY OR EVIDENTIARY HEARINGS ON PLAINTIFF'S PENDING MOTIONS

Proposed Intervenor Sean Patton hereby respectfully requests that the Court rule on his motion to intervene before the Court considers plaintiffs' recently-filed motions for discovery and for a preliminary injunction.[1] The proposed intervenor makes this request in light of this most recent change in the procedural posture of the case.

Sean Patton moved to intervene in this case on December 23, 2009. His motion became ripe for ruling on February 11, 2010. As of this date, the Court has not ruled on that motion. In addition, the City of New Haven has since moved to dismiss this action and that motion is also now ripe for decision. In the interim, no discovery has taken place save a limited disclosure of the subject exams to plaintiffs' counsel, subject to a protective order preventing their further dissemination.

Upon his latest assertion that he desires a promotion to the position of Director of Training of the New Haven Fire Department but does not meet the minimum qualifications for the job, the plaintiff now seeks to use that assertion to gain a modification of this Court's

---

[1] If the Court wishes to hear oral argument on the motion, plaintiff's counsel will appear at any time and on short notice.

previous order so to allow him to disseminate the exams and other unspecified material to his hired expert(s), engage in discovery and "gather facts" related to, among other things, the issue of the "job-relatedness" of the 2003 lieutenant's exam and selection process that were the subjects of *Ricci v. DeStefano* and the U.S. Supreme Court's opinion and judgment in that case. The plaintiff aims to proffer to this Court evidence relating to those very issues as part of his request for preliminary relief, as the relief he seeks depends on establishing the merits of his underlying claims which are themselves the subject of both a pending and ripe motion to dismiss and a ripe motion to intervene by Mr. Patton.

On this date, the Court both scheduled a prompt hearing on plaintiffs' motions for April 19, 2010 and ordered the existing parties to expedite their briefing on both motions and submit memoranda in advance of that hearing.

The proposed intervenor, having claimed the right to party status, should not be excluded from these proceedings, nor excluded from any discovery proceedings in the event this Court were to permit such discovery, as it would permit plaintiff to create an evidentiary record uncontested by a party motivated and willing to contest it, and controlled by parties who have too much in common.

The plaintiff should not be permitted, while a motion to intervene is ripe and pending, to exploit the upcoming Director of Training exam as a device to gain both discovery rights and an evidentiary hearing on the merits of his underlying case while excluding from those procedures the proposed intervenor who sought intervention in order to be heard on those very issues as well as the very jurisdiction of the Court to entertain the action. Notwithstanding the city's pending motion to dismiss this action, Briscoe seeks essentially to air in court his underlying claims respecting the 2003 exam under the guise of a request for a preliminary "injunction" in

connection with an unrelated 2010 exam.[2]  He seeks "relief" by way of an injunctive order forcing the City, against its established rules, to admit him to the competition for the promotional position of Director of Training.  In seeking this extraordinary order, Briscoe angles to conduct discovery (uncontested by any adversary party other than the city), and to proffer evidence to the Court on the merits of his underlying claims regarding the 2003 exam process, again with no adversary except for the city.  Briscoe's latest effort to air his underlying case on this new basis comes right at the point he expects a ruling on a motion to dismiss his case.

If the Court is indeed going to entertain these motions, Patton wishes to be heard, both on the issue of the propriety of any findings by the Court on an expedited and incomplete record, and on the very issue of the merits of the underlying claims.[3]  While Patton does not presume that the Court will grant his motion, and understands that the Court could deny it, he respectfully submits that either he should enjoy his procedural rights and his right to be heard regarding the substantive matters now being pressed by Briscoe, or his motion to intervene should be denied

---

[2] Briscoe does not seek to "enjoin" - or stop - the City from doing something, since the City is merely and admittedly compliant with established rules by disallowing Briscoe from competing for Director of Training. Rather, Briscoe seeks a judicial order *requiring* the City *affirmatively* to undertake an action and do something: suspend its rules and permit Briscoe to compete.  Thus, it appears Briscoe is in court with the wrong vehicle since the type of order he seeks is in the nature of mandamus, not injunctive relief, and Briscoe cannot meet the criteria for mandamus relief as he cannot show that city officials are legally mandated to undertake an action but refuse to do so.  This is a preliminary among other arguments the proposed intervenor wishes to advance to the Court.  Patton should not be forced to remain a movant and rely on the City to defend against the intended evidence, especially since, as both Patton's moving papers and the record in *Ricci* amply demonstrate, there was an unholy alliance between the City and minority firefighters from the very inception of this dispute that led to the *Ricci* judgment.

[3] In the event that such an evidentiary hearing takes place, among numerous other factual matters, Patton wishes for example to offer witnesses and other evidence regarding Briscoe's affidavit and sworn assertion that he only learned of his score and standing on the 2003 Lieutenant's exam after the Supreme Court ruled in *Ricci,* as well as plaintiff's performance as a firefighter and workplace conduct toward co-workers and superiors, all  matters  relevant to his underlying claims, and hence to his request for preliminary relief  respecting  the Director of Training exam based on the alleged merits of his underlying claims respecting the 2003 exam. Upon information and belief, the city would not offer any such evidence but rather has an interest in not zealously defending against the underlying factual claims because they are kin to those the City advanced  in unsuccessfully defending its own unlawful conduct  in *Ricci.*

such that he can timely and effectively exercise his right to seek emergency relief from the Court of Appeals.

For the foregoing reasons, the proposed intervenor respectfully requests a ruling on his motion prior to any argument or proceeding on plaintiffs' March 30 and March 31, 2010 motions.

                    RESPECTFULLY SUBMITTED:

                    PROPOSED INTERVENOR
                    SEAN PATTON

                BY:/S/ <u>Karen Lee Torre</u>
                    Karen Lee Torre
                    Fed. Bar No. ct01707
                    Law Offices of Norman A. Pattis LLC
                    649 Amity Road
                    Bethany, CT New Haven, CT 06425
                    Tel: (203) 393-3017
                    Fax: (203) 393-9745
                    ktorre@pattislaw.com

## **C E R T I F I C A T I O N**

I hereby certify that on April 5, 2010 the foregoing was filed electronically and served by mail on anyone unable to accept electronic filing. Notice of this filing will be sent by e-mail to all parties by operation of the Court's electronic filing system or by mail to anyone unable to accept electronic filing as indicated on the Notice of Electronic Filing. Parties may access this filing through the Court's CM/ECF System.

                    /s/ <u>Karen Lee Torre</u>