UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

MICHAEL BRISCOE,

              Plaintiff,

v.                                      3:09-cv-1642 (CSH)

CITY OF NEW HAVEN,

              Defendant.

**MEMORANDUM AND ORDER**

HAIGHT, Senior District Judge:

A hearing has been scheduled for April 19, 2010 at 11:00 a.m. in the 17th Floor Courtroom at 157 Church Street, New Haven, Connecticut, to consider several issues arising out of the captioned case. This Memorandum and Order adds an issue to the agenda for the hearing. Familiarity with the Court's prior Order [Doc. 76] related to this hearing is assumed.

Defendant City of New Haven ("the City') has moved pursuant to Rule 12(b)(6), Fed. R. Civ. P., to dismiss Plaintiff Michael Briscoe's Amended Complaint on the ground that it fails to plead a claim upon which relief can be granted. All briefs of counsel have been filed. Oral argument on the motion will be heard at the April 19 hearing. This is a sensible way to proceed because, if the City's motion to dismiss Mr. Briscoe's Amended Complaint is granted, that may moot certain other pending motions, namely, the motions of Sean Patton and Matthew Marcarelli to intervene in the action, and Mr. Briscoe's motion for a preliminary injunction addressed to an examination the City will conduct next month for the position of Director of Training in the New Haven Fire Department. In addition, Mr. Briscoe has coupled his opposition to the City's motion

to dismiss his Amended Complaint with a motion for leave to file and serve a Second Amended Complaint asserting additional claims. On Friday, the City opposed the Motion to Amend and, in the alternative, moved to dismiss the proposed Second Amended Complaint.

These issues must be dealt with on an expedited basis because the Director of Training examination, first introduced into this case by Mr. Briscoe's motion for a preliminary injunction dated March 30, 2010 [Doc. 70], will be held in early May. The *Ricci* case pending before Judge Janet B. Arterton, in which Mr. Briscoe has filed a pending motion to intervene to assert some of the claims he also asserts in this case, is presently becalmed while Judge Peter C. Dorsey considers a motion by the *Ricci* plaintiffs, who contend that Judge Arterton should recuse herself.[1]

At the April 19 hearing, argument on the City's motion to dismiss Mr. Briscoe's Amended Complaint, along with Plaintiff's related motion to amend the complaint for a second time, will be heard first. The motion to dismiss has been comprehensively briefed and extended argument is not required. Counsel for the Defendant City, as moving party, will be heard first and then counsel for Plaintiff Briscoe. Each side is allotted 25 minutes. Counsel for the City may reserve 5 minutes for rebuttal. Since Sean Patton moved to intervene prior to the City's filing its motion to dismiss and since Mr. Patton seeks to assert interests which are purportedly adverse to Mr. Briscoe's, counsel for Mr. Patton is allotted 10 minutes to argue in support of the motion to dismiss, and will be heard after the first presentation by counsel for the City.

While counsel on this motion may make such arguments as they think right, the Court

---

[1] Judge Arterton referred the recusal motion to another judge for decision, and Judge Dorsey was selected at random.

directs that they address these two questions:

1. Are Plaintiff's claims, as pleaded in the Amended Complaint or the proposed Second Amended Complaint, foreclosed by the Supreme Court's decision in *Ricci*?  Support for that proposition may arguably be found in language in the majority decision at 129 S.Ct. 2681, quoted by the City in its briefs, most recently the Brief in Opposition to Motion to Amend [Doc. 80] at 8.  It may also be noted that Justice Ginsburg's dissent in *Ricci* criticizes the majority opinion for "denying respondents [the City] any chance to satisfy the newly announced strong-basis-in-evidence standard" since "the Court has seen fit to preclude any further proceedings."  *Id*. at 2702-03.  Thus the majority opinion and the dissent may both be read to foreclose the disparate impact theory that arguably lies at the heart of Mr. Briscoe's pleadings, and which the City unsuccessfully urged upon the Supreme Court in *Ricci*.  Whatever the effect the Supreme Court's decision in *Ricci* may have on future Title VII cases, Mr. Briscoe's claims have to do with the *Ricci* case itself: the 2003 examination he criticizes is the same examination the Supreme Court considered in that case.  A question presented by the present motion is whether what the Court *held* in *Ricci* and what it *said* in doing so forecloses Mr. Briscoe's claims.

2. Assuming without deciding that the Supreme Court's decision in *Ricci* does not foreclose Mr. Briscoe's claims, are they foreclosed by Section 108 of the Civil Rights Act, 42 U.S.C. § 2000e-2(n), as a collateral attack upon a litigated judgment or order?  *See Querim v. EEOC*, 111 F.Supp.2d 259, 261-68  (S.D.N.Y. 2000) (citing cases and legislative history),  *aff'd* 9 Fed. Appx. 35 (2d Cir. 2001).

By these directions, the Court neither expresses nor intimates a view as to how these particular questions or any others presented by the motion to dismiss will be decided.

As previously announced, the Court will also hear oral argument on the motions to intervene, and will hear argument and receive evidence relating to Mr. Briscoe's motion for a preliminary injunction.

SO ORDERED.

Dated: New Haven, Connecticut, April 12, 2010.

        /s/ *Charles S. Haight, Jr.*
    Charles S. Haight, Jr.
    Senior United States District Judge