## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF CONNECTICUT

MICHAEL BRISCOE,

               Plaintiff,

  v.

CITY OF NEW HAVEN,

               Defendant.

                         3:09-cv-1642 (CSH)

## RULING ON PLAINTIFF'S MOTION TO PERMIT USE
## OF TEST QUESTIONS

HAIGHT, Senior District Judge:

Before the Court is Plaintiff's Motion to Permit Use of Test Questions in Brief in Opposition to Petition for Certiorari, to Permit Disclosure to Other Members of Plaintiff's Legal Time, and for Immediate Relief [Doc. 153], filed on March 29, 2012.  In the Motion, Plaintiff seeks permission (1) to refer to and quote portions of the subject 2003 Lieutenant examination in his brief in opposition to the petition for certiorari filed by defendant City of New Haven (the "City") with the Supreme Court on February 15, 2012 (the "Petition"), and (2) to disclose the contents of that examination to other members of Plaintiff's legal team.   The material at issue is protected from disclosure by Plaintiff to anyone other than his counsel, David Rosen, by a Confidentiality Agreement (the "Confidentiality Agreement") which this Court approved on January 25, 2010 in a protective order (the "Protective Order") [Doc. 49].  The defendant City and the putative intervenors oppose Plaintiff's motion.

As the City observes in its Objection to this Motion [Doc. 155], the contents of the 2003 Lieutenant examination is proprietary information, the confidentiality of which has value to the City

and to the testmaker, I/O Solutions, Inc.  Such information should be disclosed only if Plaintiff presents a need for such disclosure that outweighs the considerations that underlie the Confidentiality Agreement and the Protective Order.  Plaintiff does not present such a need.  Plaintiff describes the value of quoting the exam in his brief in opposition to certiorari as follows:  "Plaintiff believes that doing so would be an effective way to make his points that the written/oral weighting was arbitrary and that the City did not take any steps to show that it was."  Plaintiff's Reply to Objections to Motion for Permission to Disclose Contents of Exam [Doc. 158] at 1.  However, those points are entirely irrelevant to the City's petition for certiorari, notwithstanding the *ipse dixit* assertion of Plaintiff's counsel to the contrary.  The Petition asks the Supreme Court to grant certiorari to consider only one issue:  whether the Supreme Court's decision in *Ricci v. DeStefano*, 129 S.Ct. 2658, 2681 (2009), foreclosed disparate-impact liability based on the City's certification of the results of the subject examinations.  The City asks the Supreme Court to accept its interpretation of *Ricci*, not to reconsider the holding in *Ricci*.  The content of the examinations is not relevant to that issue.

The Court has not been presented with a compelling reason to set aside the Confidentiality Agreement in any respect.  Accordingly, Plaintiff's Motion to Permit [Doc. 153] is denied.

It is SO ORDERED.

Dated: New Haven, Connecticut

April 9, 2012

 /s/ *Charles S. Haight, Jr.*
Charles S. Haight, Jr.
Senior United States District Judge

-2-