## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF CONNECTICUT

MICHAEL BRISCOE,

               Plaintiff,

  v.                                                                    3:09-cv-1642 (CSH)

CITY OF NEW HAVEN,

              Defendant.

## RULING ON PLAINTIFF'S MOTION
## FOR LEAVE TO AMEND COMPLAINT

HAIGHT, Senior District Judge:

Plaintiff Michael Briscoe has filed a Motion to Amend [Doc. 199], seeking leave to make two changes in his Amended Complaint [Doc. 7], which is the currently operative Complaint.  He proposes (1) changes in the allegations, to add information about the alleged disparate impact of Defendant's actions, and (2) a new claim under state law.  He has filed a proposed Third Amended Complaint making these changes [Doc. 199-2].  The defendant, the City of New Haven, objects to both changes.  For the reasons stated below, the Court grants the Motion to Amend.

## I.        Relevant Facts and Procedural Posture

Plaintiff's Amended Complaint brings a single claim (the "federal claim") under Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e *et seq.,* alleging that decisions made by Defendant regarding its promotional process had an impermissible disparate impact on African American applicants.  On March 1, 2010, Plaintiff filed his first Motion to Amend Complaint (the "First Motion") [Doc. 63], seeking leave to file a Second Amended Complaint.  He sought to add

1

additional factual allegations based on newly discovered facts and a second claim (the "municipal claim") under Defendant's City Charter (the "Charter") and its Civil Service Rules (the "Rules"). Specifically, the new claim would allege that the Charter and Rules require that tests for the position of fire lieutenant be based on a 100-point scale with a passing grade of 70%, and that Defendant's policies with respect to the grading of the fire lieutenant examination administered in 2003 (the "2003 Exam") did not follow that rule. First Motion at 1-5.

The Court denied the First Motion on April 21, 2010 in an Order later modified and docketed on July 12, 2010. Memorandum of Opinion (the "Memorandum") [Doc. 123]. In that Order, the Court also dismissed the federal claim, finding that the relief Plaintiff sought was foreclosed by the holding of the U.S. Supreme Court in *Ricci v. DeStefano*, 557 U.S. 557 (2009). The Court denied the First Motion as futile for two reasons: (1) it did not cure the deficiency in the Amended Complaint as a whole, and (2) in the absence of a viable federal claim, the Court declined to exercise supplemental jurisdiction over the proposed municipal claim. Memorandum at 19-20. Plaintiff appealed the decision dismissing the Amended Complaint, but did not explicitly appeal the denial of the First Motion. On appeal, the Court of Appeals for the Second Circuit reversed the dismissal of the Amended Complaint and remanded the action to this Court. *Briscoe v. City of New Haven*, 654 F.3d 200 (2d Cir. 2011).

Plaintiff filed the present Motion to Amend [Doc. 199] on September 6, 2012, seeking the same changes in the Amended Complaint that he sought in the First Motion. Defendant responded with an Objection to Motion to Amend (the "Objection") [Doc. 202], focusing on the addition of the proposed municipal claim. Defendant argues that Plaintiff abandoned the municipal claim when it failed to appeal the Court's decision denying the First Motion, and also provides three arguments

2

for finding that the municipal claim is not viable.

## III.   Discussion

### A.   Standard for Leave to Amend

Rule 15 of the Federal Rules of Civil Procedure provides that after a responsive pleading has been filed, "a party may amend its pleading only with the opposing party's written consent or the court's leave." Fed. R. Civ. P. 15(a)(2).  A court "should freely give leave when justice so requires." *Id.*  Leave to amend may be denied when the amendment would be futile. *Foman v. Davis*, 371 U.S. 178, 182 (1962).  An amendment is futile if it would fail to survive a motion to dismiss for failure to state a claim. *Milanese v. Rust-Oleum Corp.*, 244 F.3d 104, 110 (2d Cir. 2001).

### B.   Waiver

Defendant's first argument is procedural.  It asserts that Plaintiff waived the municipal claim when it failed to appeal the Court's denial of the First Motion.  Objection at 3-5.  Plaintiff, however, argues that the Court's decision to deny leave to add the municipal claim in the absence of a federal claim in the action was not "an appealable final order, failure to appeal from which would give the order *res judicata* effect."  Reply to Motion for Leave to Amend Complaint (the "Reply") [Doc. 209] at 3 n. 2.

The allegation of waiver rests on the "law of the case" doctrine.  It is to that doctrine that the Court must look in deciding whether Plaintiff has waived the municipal claim.

> Under the [law-of-the-case] doctrine, a decision made at a previous stage of litigation, which could have been challenged in the ensuing appeal but was not, becomes the law of the case; the parties are deemed to have waived the right to challenge that decision, for "[i]t would be absurd that a party who has chosen not to argue a point on a first appeal should stand better as regards the law of the case than one who had argued and lost."

*Cnty. of Suffolk v. Stone & Webster Eng'g.*, 106 F.3d 1112, 1117 (2d Cir. 1997), quoting *Fogel v.*

3

*Chestnutt*, 668 F.2d 100, 109 (2d Cir. 1981).

To determine what has been waived, the Court must define the decision that Plaintiff failed to appeal when it failed to appeal the denial of the First Motion. The Court described that decision as follows:

> Because the Proposed Second Amended Complaint [Doc. 97] cannot and does not cure the fundamental deficiency discussed at length above - namely the fact that Briscoe's disparate impact claim with respect to the 2003 exam is foreclosed by the Supreme Court's holding in *Ricci* - Plaintiff's Motion to Amend [Doc. 63] is hereby denied as futile. Furthermore, in the absence of a viable federal claim, this Court would decline to exercise supplemental jurisdiction pursuant to 28 U.S.C. § 1367 over Plaintiff's state and municipal law claims relating to the alleged scoring error, and therefore it is futile to permit Plaintiff to amend his complaint to add such claims.

Memorandum at 19-20.

Defendant treats the Court's ruling as a decision that Plaintiff may not bring the municipal claim, period; that is implied by Defendant's statement that Plaintiff "abandoned his municipal-law claim by failing to appeal this Court's decision denying leave to amend and declining to exercise supplemental jurisdiction." Objection at 3. Plaintiff, on the other hand, interprets the Court's ruling more narrowly: as a decision that the municipal claim failed *if the federal claim failed*. "[T]he Court must decide a different question from the one it did before, to wit: whether leave to amend should be granted given that the Court could and should exercise supplemental jurisdiction over it because plaintiff's federal claims have been reinstated." Reply at 3.

Both of the Court's reasons for denying the First Motion were predicated on the correctness of its primary decision that the federal claim failed. First, its holding that the amendment would not cure the deficiency in the Amended Complaint as a whole depended on the holding that the Amended Complaint was deficient. The Court did not hold that the proposed Second Amended

4

Complaint would not pass muster even if the existing complaint did. To put it another way, the Court never held that the municipal claim would be futile even if the federal claim was viable.

Second, the Court's decision not to exercise supplemental jurisdiction was based on the fact that the federal claim was dismissed. "*[I]n the absence of a viable federal claim*, this Court *would* decline to exercise supplemental jurisdiction . . . over Plaintiff's state and municipal law claims." *Id.* at 20 (emphasis added).[1] Thus, in the absence of a federal claim, the amendment would be futile. The Court did not make any assertion about how it would rule on the supplemental-jurisdiction question if the action *does* contain a federal claim.

Thus, both of the Court's decisions that justified denial of the First Motion relied on the correctness of the Court's holding on the federal claim. Plaintiff challenged the correctness of that holding when it appealed to the Second Circuit. The Second Circuit reversed that decision, finding that the federal claim is *not* barred by the Supreme Court's holding in *Ricci. Briscoe v. City of New Haven*, 654 F.3d 200, 209 (2d Cir. 2000). In doing so, the Second Circuit eliminated both of the bases for the denial of the First Motion.

The issue now before the Court is whether Plaintiff's amendment is futile given the presence of the federal claim. Because this Court has never ruled on that issue, the law-of-the-case doctrine does not apply.

## B.      Futility

Defendant presents three arguments that the proposed municipal claim is futile. Objection

---

[1] There are four conditions under which a district court may decline to exercise supplemental jurisdiction, one of which is the absence of claims over which the Court has original jurisdiction. 28 U.S.C. § 1367(c). In the presence of a federal claim, the Court could decline supplemental jurisdiction only if it found that one of the three remaining conditions was satisfied. The Court never addressed those conditions.

at 2-3.  The Court addresses each of these in turn.

First, Defendant argues that it cannot be held liable for complying with a judicial mandate, *i.e.*, the *Ricci* judgment.  *Id.* at 7-8.  In support of this argument, Defendant relies principally on the Third Circuit's holding in *NAACP v. North Hudson Regional Fire & Rescue*, 665 F.3d 464, 484-85 (3d Cir. 2011).  That holding, however, dealt with an issue not present here: whether an employer's act could be taken as evidence of its discriminatory intent where the act was necessary to comply with a judicial mandate. The act at issue "can hardly be viewed as a race-based decision when it is motivated by the imperative to comply with a judicial order."  *Id.* at 485).  Neither of the claims in the proposed Third Amended Complaint alleges that Defendant had a discriminatory intent.

Defendant also cites *Santora v. Miklus*, 199 Conn. 179, 192 (1986).  The issue there was whether a trial court could enjoin a civil service commission's attempt to comply with the order of a federal court.  The issue of whether the commission could be liable to a third party for actions taken to comply with an order did not arise.  *Id.*

Defendant's argument is essentially the position rejected by the Second Circuit: that its actions with respect to the 2003 Exam cannot be challenged here because they were compelled by the Supreme Court's holding in *Ricci*.  However, the core of the Second Circuit's holding in this action was that Plaintiff is *not* barred from bringing this action by the outcome of the *Ricci* litigation. It held that Plaintiff, as a nonparty to the *Ricci* litigation, is not bound by the *Ricci* judgment unless a common-law or statutory exception applies, and found that no such exception applies here. *Briscoe v. City of New Haven*, 654 F.3d 200, 203-05 (2d Cir. 2011).  The exceptions to the doctrine of nonparty preclusion that the Second Circuit considered did not include the existence of a judicial mandate compelling the defendant to act as it did.  *Id.*  The court noted that the Supreme Court

6

effectively rejected the position that an action cannot be challenged when it was compelled by a judicial order in *Martin v. Wilks*, 490 U.S. 755 (1989); that Congress enacted specific exceptions to the *Martin* holding in 42 U.S.C. § 2000e-2(n); and that the present action does not fall within those exceptions. *Id.* This Court, bound by the Second Circuit's holding, rejects Defendant's first argument.

Second, Defendant argues that success of the municipal claim would necessarily invalidate the promotions given to the *Ricci* plaintiffs, contrary to the Second Circuit's holding that the *Ricci* plaintiffs are entitled to the full fruits of the *Ricci* judgment. Objection at 8. The Second Circuit held that the federal claim would not necessarily interfere with the rights of the *Ricci* plaintiffs under the judgment. *Briscoe* at 209. Defendant does not explain why the municipal claim differs from the federal claim in this respect. In the absence of any complete explanation of why the municipal claim cannot lead to the granting of relief consistent with *Ricci* and *Briscoe*, the Court must reject this argument.

Third, Defendant argues that New Haven's municipal law (the City Charter and Civil Service Rules) does not contain the rules that Plaintiff alleges Defendant violated. Objection at 8-10. It characterizes the municipal claim as asserting that each component of a civil service exam must be graded on a 100-point scale. *Id.* at 10.

 Plaintiff interprets his allegations differently. Reply at 4-6. He describes his position as being based on the allegation that the exam as a whole was graded on an 84-point scale rather than a 100-point scale and did not implement the City Charter's rule that appointments be made only from applicants who scored at least 70% on the exam. *Id.* at 5-6. Plaintiff is the master of his complaint, and his interpretation is consistent with the language of the Third Amended Complaint. *See* Third

7

Amended Complaint [Doc. 199-2] at 8-10.  This argument must also be rejected.

## III.   Conclusion

Defendant has not established that the proposed amendment to the operative Complaint would be futile, for reasons of either procedure or substance.  It has not provided any other argument for denying the proposed amendment in spite of the general rule that leave to amend is freely granted.  Consequently, Plaintiff's Motion to Amend [Doc. 199] is GRANTED.  The operative complaint in this action is now the Third Amended Complaint [Doc. 199-2].  The date of its filing and service is deemed to be the date of this Ruling's entry.  Defendant is directed to answer the Third Amended Complaint within the time specified by Fed. R. Civ. P. 12(a)(1)(A)(i).

It is SO ORDERED.

Dated: New Haven, Connecticut
November 9, 2012

      /s/ *Charles S. Haight, Jr.*
      Charles S. Haight, Jr.
      Senior United States District Judge