UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF CONNECTICUT

| | |
|---|---|
| MICHAEL BRISCOE, <br><br>             Plaintiff, <br> v. <br><br> CITY OF NEW HAVEN, <br><br>             Defendant. | 3:09-cv-1642 (CSH) |

### RULING ON MOTION FOR RECONSIDERATION

HAIGHT, Senior District Judge:

In a Ruling issued on October 5, 2012 (the "Ruling") [Doc. 204], the Court granted intervenor status to certain firefighters in the employ of defendant City of New Haven, including Matthew Marcarelli. Plaintiff has filed a Motion for Reconsideration (the "Motion") [Doc. 207] asking the Court to deny intervention as to Marcarelli. Marcarelli has filed an Objection to that Motion (the "Objection") [Doc. 220].

The Court granted intervenor status to Marcarelli because "relief for Marcarelli might include a holding that Marcarelli is not properly occupying the position of Director of Training." Ruling at 17. Plaintiff now asserts that he "will not seek to be placed into the training officer position so long as doing so would require displacement of Mr. Marcarelli." Motion at 1. Marcarelli, however, argues that the Motion does not meet the standard for reconsideration and that Plaintiff's promise is not sufficient to protect his interests. Objection, *passim*.

"[T]he standard for granting a motion for reconsideration is strict, and reconsideration will generally be denied unless the moving party can identify controlling decisions or data that the court

1

overlooked– *i.e.*, matters that may reasonably be expected to alter the conclusion reached by the district court." *Abimbola v. Ridge*, 181 Fed.Appx. 97, 99 (2d Cir. 2006).  Under the Local Rules of this Court, a motion for reconsideration "shall be accompanied by a memorandum setting forth concisely the matters or controlling decisions which counsel believes the Court overlooked in the initial decision or order."  L.Civ.R. 7(c).

In this case, the only fact that could be construed as the overlooked data or matter is the fact that Plaintiff does not intend to displace Marcarelli.  Assuming, without deciding, that this fact can be taken as such an overlooked matter, the Court rejects Plaintiff's argument.  The Court's Ruling granting intervenor status to Marcarelli was based on the pleadings in this action.  A mere statement by a party of its intentions does not constitute a guarantee that relief that might be within the pleadings will not be awarded.  "[T]he plaintiffs do not make the final decision as to what relief should be afforded if the district court does find a constitutional violation." *Cotter v. Mass. Ass'n of Minority Law Enforcement Officers*, 219 F.3d 31, 35 (1st Cir. 2000).

The Motion for Reconsideration [Doc. 207] is DENIED.

It is SO ORDERED.
Dated: New Haven, Connecticut
December 18, 2012

                                           /s/ Charles S. Haight, Jr.
                                           Charles S. Haight, Jr.
                                           Senior United States District Judge