UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

_____
                                              :
MICHAEL BRISCOE,                  :
                                              :
       Plaintiff,                     :
                                              :      3:09-cv-1642 (CSH)
v.                                            :
                                              :
                                              :
CITY OF NEW HAVEN,            :
                                              :
       Defendant.                  :
_____:

### RULING ON DOC. 282 – PLAINTIFF'S "MOTION TO AMEND AND TO DEFER ENTRY OF JUDGMENT"

**HAIGHT, Senior District Judge:**

    The Court has considered the most recent submissions of counsel, Doc. 282, Doc. 283 and Doc. 284, and makes the following Order.

    Plaintiff's Doc. 282, a modest and barebones submission, describes itself as a "motion to amend" his complaint pursuant to Rule 15 of the Federal Rules of Civil Procedure. In practical reality, Doc. 282 is no more than Plaintiff's statement of an intent to file such a motion sometime in the future. The submission contains no hint as to the contents of a further Amended Complaint (this would be the Fourth), and the proposed amended pleading is not attached. Plaintiff requires leave of Court to amend his complaint yet again, and Professor Moore tells us: "To obtain leave of court to amend a pleading, the party's motion should attach a copy of the proposed amendment or new pleading." 3 *Moore's Federal Practice,* § 15.17 (2010). Failure to attach the proposed amendment

1

is not necessarily fatal to a motion to amend, "but may result in denial of leave to amend on the grounds that the court cannot evaluate the propriety of granting leave unless the court is presented with the substance of the proposed amendment."[1]  *Id*. (footnote omitted).  The same disability is visited upon other parties to the litigation, who cannot challenge the propriety of a proposed amendment without knowing what it says.  That is a genuine concern in the case at bar, since it seems likely (to state it mildly) that the City of New Haven and the Intervenors will challenge any proposed Fourth Amended Complaint that Plaintiff may fashion.  By the same token, Moore instructs: "Every motion, including a motion for leave of court to amend a pleading, must comply with Rule 7, which requires the movant to specify the relief sought, and to state with particularity the grounds for seeking that relief. "  *Id*.  Local Civil Rule 7(a)(1) is to the same effect.  Plaintiff's self-styled "motion" to amend fails entirely in these respects, as counsel for Intervenors and the City point out with vigor in their submissions.

In these circumstances, and in the exercise of my discretion, insofar as Doc. 282 styles itself a motion under Rule 15, the motion is DENIED as a procedural nullity.  The other parties need not respond to it.  Any scheduling orders entered by the Clerk attendant upon Doc. 282 are vacated.  If Plaintiff desires to press a motion under Rule 15 for leave to file a Fourth Amended Complaint, he must file motion papers in proper form not later than **September 23, 2013**, failing which the Court will not entertain a Rule 15 motion by Plaintiff.  "Proper form" means that the motion must be filed with a proposed amended complaint and a memorandum of law.  *See* D.Conn. L. Civ. R. 7(a)(1)

---

[1] *See, e.g.*, *Gulley v. Dzurenda*, 264 F.R.D. 34, 36 (D.Conn. 2010) ("To obtain leave of court to amend the complaint, a party should file both a Rule 15 motion and a proposed amendment or new pleading.") (citing 3 James Wm. Moore, *et al.*, Moore's Federal Practice ¶¶ 15. 17[1] (3d ed.2004)).

("Any motion involving disputed issues of law shall be accompanied by a written memorandum of law" and "[f]ailure to submit a memorandum may be deemed sufficient cause to deny the motion."). If Plaintiff timely files a Rule 15 motion in "proper form," the City and Intervenors are directed to file any opposing papers in accordance with the Rules.

To the extent that Plaintiff's Doc. 282 moves to defer entry of judgment dismissing the Third Amended Complaint as directed by the Court's Ruling, Doc. 281, and in further exercise of my discretion, that motion is GRANTED. If judgment is entered dismissing the complaint, and Plaintiff thereafter seeks to further amend the pleading, procedural complexities would arise of the sort illustrated by *In re Star Gas Sec. Litig.*, 241 F.R.D. 428 (D. Conn. 2007) (Arterton, *J.*), *aff'd. sub nom. Rossner v. Star Gas Partners, L.P.*, 344 F. App'x 642, 2009 WL 2581565 (2d. Cir. Aug. 20, 2009). There is no prejudice to the City or Intervenors if entry of judgment is deferred until the question of a possible Rule 15 motion by Plaintiff is resolved. If such a motion is timely filed, and thereafter opposed, the entry of judgment will abide the event. If no timely Rule 15 motion is filed, judgment dismissing the Third Amended Complaint will be entered forthwith.

The foregoing is SO ORDERED.

Dated:  New Haven, Connecticut
        September 12, 2013

                                           */s/Charles S. Haight, Jr.*
                                           CHARLES S. HAIGHT, JR.
                                           SENIOR UNITED STATES DISTRICT JUDGE