# UNITED STATES DISTRICT COURT
# DISTRICT OF CONNECTICUT

_____
:
MICHAEL BRISCOE,
:
      Plaintiff,
:
                        :          3:09-cv-1642 (CSH)
    v.
:

:          FEBRUARY 21, 2014
CITY OF NEW HAVEN,
:
      Defendant.
_____:

## RULINGS ON PARTIES' MOTIONS REGARDING PROTECTIVE ORDER AND SEALED DOCUMENTS

**HAIGHT, Senior District Judge:**

This Title VII action, which arises out of the New Haven Fire Department's 2003 examination for promotion to the rank of lieutenant, continues to rage at the District Court level, notwithstanding Plaintiff's filing of a notice of appeal [Doc. 297] from this Court's judgment dismissing his Third Amended Complaint.

Familiarity is assumed with all prior opinions in the case, by this Court and by the Court of Appeals.  The present controversy swirls around the written component of the 2003 examination.  On April 29, 2010, counsel for Plaintiff procured the filing of that document under seal by the Clerk of this Court [Doc. 105].  This is a 28-page questionnaire consisting of 100 multiple-choice questions.  Those taking the test are instructed to determine "which of the four possible choices is

1

the best answer," and mark the document accordingly.

Controversy broke out about whether, as the Defendant City contended, the written examination was proprietary and confidential. Eventually this Court entered an order [Doc. 49] which Plaintiff's counsel accurately summarizes in one of his recent briefs [Doc. 292] at 2: "Upon application by the City, the Court issued an order making the parties' temporary confidentiality agreement indefinite and prohibiting Plaintiff from sharing the exam with anyone until further Order of the Court." As the case progressed, counsel for Plaintiff made several motions to modify that protective order, without success.

On September 9, 2013, this Court filed an opinion dismissing Plaintiff's Third Amended Complaint [Doc. 281]. Thereafter it denied Plaintiff's motion to file a Fourth Amended Complaint [Doc. 291]. Plaintiff responded by declaring his intention to file an appeal when judgment entered in the District Court, and making a motion on November 19, 2013 [Doc. 292] "to modify protective order to permit use of test questions in appellate brief." That modification, if granted, would have allowed Plaintiff in his brief to the Second Circuit to quote verbatim selected questions contained in the written exam, which as noted was subject to the protective order. Plaintiff expressed his appellate intentions as follows: "Plaintiff may wish to quote a small number of questions in his brief on appeal, in order to illustrate the nature of the tests's components and, in particular, to explain the relationship between the components and the test's limitations." Doc. 292 at 1.

The City and the Intervenors objected to this motion. The Court had not yet ruled on it when, on December 19, 2013, Plaintiff filed his notice of appeal [Doc. 297], together with a notice [Doc. 298] withdrawing his motion [Doc. 292] to modify the protective order. Plaintiff's counsel took note of proprietary-value contentions made by the independent preparer of the exam, and explained his

withdrawal from the protective-order field of battle by saying:

> In deference to the concerns expressed by the testing company, which it is impractical to probe at this point because this case is now on appeal; and because the motion is limited to a matter of convenience to the Court of Appeals rather than the substance of any arguments Plaintiff may choose to make, Plaintiff withdraws the motion. He reserves the right to seek permission in the future to disclose the contents of the test, particularly if there are further proceedings in this Court after the resolution of his appeal . . .

Doc. 298 at 1.

In the ordinary case, one would think that counsel for the City and the Intervenors, having achieved the withdrawal of Plaintiff's resisted motion to modify the protective order, would give three cheers or at least two and move on to other matters. But this is not an ordinary case. It is almost as if a fire department, having extinguished one blaze, looks around for another one to light. In any event, on the very next day – December 20, 2013 – counsel for the Intervenors filed a motion [Doc. 299] which criticizes the manner in which counsel for Plaintiff, for assertedly inappropriate purposes, procured the filing by the Clerk of the written exam under seal – in disregard and violation, the argument runs, of Local Rules of Court governing the sealing of documents in litigation. The Intervenors ask me "to remedy this violation with an appropriate order directing the Clerk, *nunc pro tunc*, to rescind her acceptance of plaintiff's improper filing." Doc. 299 at 4.

Plaintiff filed a brief in opposition to that motion [Doc. 301] and made a separate motion [Doc. 302] for an order which would remedy any imperfections attendant upon the original sealing of the exam by authorizing the sealing *nunc pro tunc*. The City has filed a brief in opposition to that motion to seal [Doc. 306], as have the Intervenors [Doc. 307]. Plaintiff has filed a reply brief to that opposition [Doc. 308]. That reply brief, filed on January 30, 2014, is the last filing in the District

Court, at least at the time of this writing.

A question necessarily arises as to this Court's authority to adjudicate these ongoing and frenetic disputes.  Under familiar principles, a notice of appeal such as that filed by Plaintiff eliminates or reduces a district court's jurisdiction to decide issues in the case.  In the case at bar, I will assume without deciding that I have jurisdiction to deal with the several issues raised in the filings described.

The submissions of counsel are energetic, articulate, and on occasion vitriolic, but the case seems plain enough to me.  Plaintiff withdrew his motion to modify the protective order.  That motion was intended, counsel asserted, to give Plaintiff more flexibility and greater liberty to say things to the Second Circuit in his appellate brief that the protective order would otherwise have prevented him from saying: specifically, quoting selected questions from the 2003 written exam.  The motion was withdrawn.  The protective order remains, unmodified and unafraid.  Whatever inhibitions it placed on Plaintiff's counsel before the modification motion was filed, remain now that the motion has been withdrawn.  If Plaintiff's counsel includes in his appellate brief any material that an unmodified and unappealed-from order of this Court forbids, counsel for the City can call that to the Second Circuit's attention.

The City and the Intervenors move, in effect, for an order purging the sealed exam from the trial court record entirely, on the ground that Plaintiff's counsel procured its sealing through improper conduct.  Plaintiff's counsel denies any impropriety, accuses opposing counsel of inequitably sharp practice, and asks the Court to dispel any lingering doubts by authorizing the sealing of the exam *nunc pro tunc*.

The question of whether evidentiary material is in fact part of the trial court record is a

significant one.  The Second Circuit stated the general principle in *Kuruwa v. Meyers*, 512 F. App'x

45 (2d Cir. 2013), at 48:

> We have not considered Meyers's references to two articles
> regarding the Indian economy because he did not present this
> evidence in the district court and our review is limited to the record
> on appeal.  *See* Fed. R. App. P. 10(a)(1) (defining the record on
> appeal as, in relevant part, "the original papers and exhibits filed in
> the district court."); *Loria v. Gorman*, 306 F.3d 1271, 1280 n. 2 (2d
> Cir. 2002) ("Ordinarily, material not included in the record on appeal
> will not be considered.").

In the case at bar, respectable arguments can be and are made on whether the written 2003

exam should or should not be regarded as part of the record in this trial Court, and thus properly

included in the record on appeal.  However, as counsel for Plaintiff points out in his last submission,

this is not the first time Plaintiff has appealed a judgment of this Court in this case.  The Second

Circuit reversed an earlier judgment dismissing an earlier version of the complaint.  654 F.3d 200

(2d Cir. 2011).  In preparation for that first appeal, counsel for Plaintiff undertook the traditional task

of counsel for appellant and prepared a proposed Joint Appendix and submitted it to counsel for the

City for approval or comment.   Plaintiff's list included an explicit reference to "Lieutenant

Promotional Examination (Exhibit 1 to Memorandum in Support of Motion for Reconsideration

4/29/10) (under seal)."  Doc. 308-1, at 2.  A comparable reference was made to the "Lieutenant Oral

Interview Questions," Exhibit 2 to that motion, also "under seal."  *Id.* Counsel for the City replied

that "your proposed Joint Appendix is fine," adding only that "please make sure (as you have

indicated) that the 2 exams are filed under seal."  Doc. 308-2, at 1.

In consequence, the written exam became a part of the Joint Appendix in the first appeal, and

I am not inclined to bar or rip it from the Appendix in this appeal.  Counsel for Intervenors may not

approve of City counsel's prior dealing with the issue, but the call was for the City to make as to what the record on the first appeal should include, and on this second appeal I am going to let that chip lay where it fell.  So the 2003 written exam will presumably be included in the Appendix on this appeal.

Given the continued effect of the protective order, and the seeming strength of the City's and Intervenors' argument that the 2003 written exam questions are entirely irrelevant to this Court's reasoning in the judgment on appeal, what Plaintiff gains from the inclusion of the exam in the Appendix is not readily apparent.

One may comfortably assume that Plaintiff's counsel will not quote questions from the exam in his appellate brief, having withdrawn his motion to modify this Court's protective order for the purpose of obtaining permission to do just that.  Counsel for the City and the Intervenors make the broader points that (1) the contents of the 2003 written exam were entirely irrelevant to this Court's reasoning in dismissing the Third Amended Complaint, and (2) the exam consequently must be irrelevant to an appeal from that opinion and judgment.  The first of these arguments was made to me, as a basis for denying Plaintiff's motion to modify the protective order.  I was relieved of the necessity of deciding the point when Plaintiff withdrew his modification motion.  Presumably counsel for the City and Intervenors will, if they consider it advisable, make the second argument to the Court of Appeals.  I would not presume to venture a suggestion about what the Court of Appeals would do about the question, if it arises.

I agree that it is appropriate, in these somewhat murky circumstances, to authorize the sealing in this Court of the 2003 written examination *nunc pro tunc.*  That is the course Judge Kravitz followed in the *Ricci* case, when (it is entertaining to learn) the plaintiffs in that case (the intervenors

in this one) filed the same exam without first moving to seal it and Judge Kravitz remedied such problem as there was by a *nunc pro tunc* authorization.  *See Ricci v. DeStefano*, No. 3:04-CV-1109 (MRK), Doc. 75 ("Construed as a Motion to Seal, the Motion is GRANTED.").

For the foregoing reasons, and assuming this Court has jurisdiction to act, the Court rules as follows:

1.  Plaintiff's motion [Doc. 292] to modify this Court's protective order [Doc. 49] with respect to the written 2003 exam [Doc. 105] is DENIED AS WITHDRAWN.

2.  Plaintiff's motion [Doc. 298] to withdraw his motion [Doc. 292] to modify the Court's protective order [Doc. 49] is GRANTED.

3.  The Intervenors' motion [Doc. 299] for an order directing the Clerk to rescind the sealing of the written 2003 exam [Doc. 105] is DENIED.

4.  Plaintiff's motion [Doc. 302] for an order authorizing the sealing of the 2003 exam [Doc.105] *nunc pro tunc* is GRANTED.

5.  No reference is made in this Order to the oral exam [Doc. 106] because that was not involved in any of the prior motions.

It is SO ORDERED.

Dated:  New Haven, Connecticut
         February 21, 2014


                              */s/Charles S. Haight, Jr.*
                              CHARLES S. HAIGHT, JR.
                              Senior United States District Judge